UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAN QUAN LY,

Petitioner,

v.

WARDEN of the CALIFORNIA CITY DETENTION FACILITY; CURRENT or ACTING FIELD DIRECTOR, SAN FRANCISCO FIELD OFFICE; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; CURRENT or ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY; CURRENT or ACTING UNITED STATES ATTORNEY GENERAL,

Respondents.

No. 1:26-cv-02345-KES-EPG (HC)

ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Docs. 18, 19

Petitioner San Quan Ly is an immigration detainee proceeding with a first amended petition for writ of habeas corpus and motion for temporary restraining order. Docs. 18, 19. He challenges his re-detention in violation of 8 C.F.R. § 241.13(i) and the Due Process Clause, as well as his removal to a third country without constitutionally adequate procedures. *See* Docs. 18, 19. The Court has previously addressed these issues. *See e.g., Lim v. Mullin*, No. 1:26-CV-02368-KES-EGC (HC), 2026 WL 1284247 (E.D. Cal. May 11, 2026); Doc. 12, *Lazo-Soria v. Chestnut*, 1:26-cv-02287-KES-CDB (E.D. Cal. May 18, 2026); *Viengkhone S. v. Albarran*, 817 F. Supp. 3d 901 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 20. Respondents state that this case "is not substantially distinguishable from the cases cited by the Court in its order." Doc. 21 at 1. Respondents briefly argue that they have authority to detain petitioner under 8 U.S.C. § 1231, but the issue examined in the Court's prior cases is whether respondents followed the procedures set out at 8 C.F.R. § 241.13(i) when doing so. *See Lim*, 2026 WL 1284247, at *2–3. Respondents do not address that issue and they have failed to show compliance with the required procedures.

As respondents have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Lim v. Mullin*, No. 1:26-CV-02368-KES-EGC (HC), 2026 WL 1284247 (E.D. Cal. May 11, 2026), *Lazo-Soria v. Chestnut*, 1:26-cv-02287-KES-CDB (E.D. Cal. May 18, 2026), and *Viengkhone S. v. Albarran*, 817 F. Supp. 3d 901 (E.D. Cal. 2025), the first amended petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ENJOINED AND RESTRAINED from removing petitioner to any third country without first providing him with constitutionally compliant procedures, including:

1. Written notice to petitioner and counsel of the third country to which he may be removed, in a language that petitioner can understand, provided at least 21 days before any such removal;
2. A meaningful opportunity for petitioner to raise a fear of return for eligibility for protection under the Convention Against Torture, including a reasonable fear

interview before a DHS officer;

3. If petitioner demonstrates a reasonable fear during the interview, DHS must move to reopen his underlying removal proceedings so that he may apply for relief under the Convention Against Torture; and

4. If it is found that petitioner does not demonstrate a reasonable fear during the interview, a meaningful opportunity, and a minimum of 15 days, for petitioner to seek to move to reopen his underlying removal proceedings to challenge potential third-country removal.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: July 18, 2026

UNITED STATES DISTRICT JUDGE